IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 03-12994 HRT |
| DAVID A. MASCIO | ) | |
| MONICA L. MASCIO | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| PAUL GRONEWOLLER and | ) | Adversary No. 03-1482 MER |
| GRONEWOLLER & ASSOC., INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID MASCIO, DM CAPITAL, INC. | ) | |
| AND MAM CAPITAL, LLC | ) | |
| | ) | Signed/Docketed |
| Defendants. | ) | June 12, 2014 |

**ORDER**

In this saga which has spanned well over a decade, Defendant David Mascio ("Mascio"), through his counsel, now argues he fully paid all amounts owing under the judgments entered in favor of Plaintiff Paul Gronewoller ("Gronewoller). The Court disagrees.

The recently-filed pleadings concerning this post-judgment dispute include the following:

- Mascio's *Motion to Compel Satisfaction of Judgment* ("Motion to Compel") filed March 20, 2014;[1]

- Gronewoller's *Response to Defendant's Motion to Compel* filed April 9, 2014;[2]

---

[1] Docket No. 359.

[2] Docket No. 360.

- Mascio's *Reply in Support of Motion to Compel Satisfaction of Judgment* filed April 22, 2014;[3]

- Mascio's *Motion for Stay and/or Expedited Ruling* filed May 6, 2014;[4]

- Mascio's *Motion for Protective Order* filed May 15, 2014;[5] and

- Gronewoller's *Response to Motion for Stay and/or Expedited Ruling* filed May 22, 2014.[6]

In considering these pleadings, along with a detailed review of the record, the Court finds Mascio is misreading the Court's most recent judgment entered in this case. Based on this misinterpretation, the Court believes the judgment dated September 29, 2011, requires correction pursuant to FED. R. CIV. P. 60(a) as incorporated by FED. R. BANKR. P. 9024 to properly reflect this Court's intention.

Simply put, the September 29, 2011 judgment was intended to supercede only the previous calculations for damages with respect to Gronewoller's prevailing fraud claim for his initial investment (the subject of three appeals). As reflected in the record, the Court never intended this judgment to supercede the award for damages on the other claims in the underlying litigation, nor the award for prejudgment and postjudgment interest for all damages in this proceeding. While this clerical error may have caused some confusion for Mascio and his counsel regarding the precise amounts owed, the correction of this error under Rule 60(a) will resolve the issues raised in these pleadings.

---

[3] Docket No. 370. With respect to Mascio's Reply, Local Bankruptcy Rule 7007-1 expressly provides: "**Response Period:** Unless otherwise provided for by a statute, rule or court order, any response to a motion must be filed with the court and served on interested parties within fourteen (14) days after service of the motion. *Replies to responses to motions may be filed only after obtaining leave of the court.* Motions will be set for oral argument only if the court determines oral argument may be of assistance." L.B.R. 7007-1 (emphasis added). Here, Mascio did not seek nor obtain leave to file his Reply, in clear violation of the Local Bankruptcy Rules. Nonetheless, in the interest of preventing further delay, the Court considered Mascio's Reply for the purposes of this Order.

[4] Docket No. 374.

[5] Docket No. 375.

[6] Docket No. 376.

**PROCEDURAL HISTORY**

The Court hereby reproduces the relevant portion of the long procedural history in this proceeding as it relates to the instant dispute between the parties.

On December 13, 2001, the Plaintiffs, Gronewoller and Gronewoller & Associates, Inc., filed a lawsuit against Mascio and his company, Mascio Asset Management, Inc. ("MAM") in state court, alleging breach of contract, fraudulent inducement, breach of fiduciary duty, breach of the duties of care and loyalty, conversion, tortious interference, unjust enrichment, and violations of securities laws. In addition to damages, the Plaintiffs requested injunctive relief and the appointment of a receiver. Shortly before the case went to trial, Mascio filed for bankruptcy relief.

**A.   The Original Judgment**

On June 12, 2003, the Plaintiffs commenced this adversary proceeding pursuant to 11 U.S.C. § 523(a),[7] asserting they were fraudulently induced to enter into an Asset Purchase and Contribution Agreement. After this Court dismissed several of the Plaintiffs' claims and the Plaintiffs abandoned another, the only claims remaining for trial were those for fraudulent oral representations and omissions under § 523(a)(2)(A) and fraudulent written documents under § 523(a)(2)(B). After a four-day trial on the merits, this Court issued an Order dated June 9, 2006, dismissing all claims against the business entity defendants, dismissing all claims brought against Mascio by Plaintiff Gronewoller and Associates, Inc., and holding Gronewoller was not entitled to judgment on his claims against Mascio under § 523(a)(2)(B). The parties never challenged these rulings.

Further, in the June 9, 2006 Order, the Court found Mascio's debt to Gronewoller to be nondischargeable under § 523(a)(2)(A), and awarded actual damages for the following: 1) the value of Gronewoller's initial investment in the amount of $164,640; and 2) the unpaid balance of the promissory note in the amount of $29,381.28.[8] The Court also awarded Gronewoller prejudgment interest at the federal rate and postjudgment interest at the federal rate for damages on his initial investment fraud claim and the promissory note fraud

---

[7] Unless otherwise noted, all future statutory references in the text are to title 11 of the United States Code.

[8] *See* Order dated June 9, 2006 (Docket No. 210).

claim.[9]   Gronewoller submitted his final calculations for interest, stating as follows:

> Gronewoller applied the applicable average one-year constant maturity treasury yield of 5.03% to the sums enumerated in the Court's Order. This yields: (1) prejudgment interest in the amount of $46,048.34 on the principal of $164,640, plus $29.03 per day post-judgment interest; and (2) prejudgment interest in the amount of $8,217.68 on the principal of $29,381.28, plus $5.18 per day post-judgment interest.[10]

Mascio had no objection Gronewoller's interest calculations, affirmatively stating "[b]ased upon his understanding that (a) Gronewoller's calculation of interest is calculated for the period covering January 1, 2001 through June 9, 2006 and (b) per diem amounts begin accruing on June 10, 2006, Defendant has no objection to Gronewoller's interest calculation."[11]

After considering the parties' post-trial submissions regarding interest, the Court accepted Gronewoller's calculations and entered a judgment dated June 30, 2006 (the "Original Judgment") in favor of Gronewoller and against Mascio for the following:

> A.   The value of Gronewoller's original investment in the amount of $164,640 plus prejudgment interest in the amount of $46,048.34, and postjudgment interest of $29.03 per day calculated from the date of judgment, is awarded to Gronewoller and is nondischargeable under § 523(a)(2)(A).
>
> B.   The value of the Promissory Note in the amount of $29,381.28 plus prejudgment interest in the amount of $8,217.68, and postjudgment interest at $5.18 per day calculated from the date of judgment, is awarded to Gronewoller and is nondischargeable under § 523(a)(2)(A).[12]

Mascio filed a Motion to Amend Findings and Judgment, which was denied on August 8, 2006.  Mascio never appealed the award for damages on the promissory note plus prejudgement and postjudgment interest, nor did he

---

[9]   *See id.* at p. 18-19.

[10]   Gronewoller's Interest Calculation (Docket No. 211).

[11]   Mascio's Statement Regarding Gronewoller Interest Calculation (Docket No. 212).

[12]   *See* 2006 Judgment (Docket No. 214).

challenge the award for prejudgement and postjudgment interest for Gronewoller's investment damages, until he filed his Reply.[13]

**B.     Mascio's First Appeal**

On September 7, 2006, Mascio filed an appeal with the United States District Court for the District of Colorado (the "District Court"), raising three issues: 1) whether this Court erred in failing to determine the existence of a debt under state law before considering whether it was nondischargeable under § 523(a)(2)(A); 2) whether Gronewoller waived any state law claim of fraud in the inducement by his conduct after obtaining full knowledge of Mascio's misrepresentation; and 3) whether Gronewoller failed to prove any damages under state law resulting from Mascio's alleged fraud in connection with the initial investment.

On November 13, 2007, the District Court issued its Order affirming in part and reversing in part this Court's June 9, 2006 Order.  The District Court affirmed the existence of a debt under Colorado state law, but remanded the proceeding to determine "whether Mascio proved the affirmative defense of waiver under Colorado law"[14] and to determine "the damages, if any, to be awarded based on Mascio's liability for fraudulently inducing Gronewoller to

---

[13]  In his Reply in Support of Motion to Compel Satisfaction of Judgment (Docket No. 370), for this first time in this proceeding, Mascio challenges the interest rates awarded on both the promissory note claim and the initial investment fraud claim.  Mascio states:

> If this Court elects to follow the mandate of Judge Figa for damages arising from the promissory note, it should apply the federal rate of 5.03% and still disallow and prejudgment interest on the fraud damage [sic] which is discretionary and not awarded on the final judgment of September 29, 2010 [sic].

The Original Judgment provides for the federal 5.03% prejudgment and postjudgment interest rate with respect to the promissory note, and the award was never disturbed on appeal.  As set forth in the First Investment Damages Judgment dated June 10, 2010, the Court awarded prejudgment and postjudgment interest accruing at 8% under Colorado law with respect to the initial investment fraud claim.  The Court cannot consider changing interest rates at this point, particularly when Mascio did not appeal or challenge the interest rate calculations for the Original Judgment, or respond to Gronewoller's Motion to Alter or Amend the Court's May 13, 2010 Order (Docket No. 307) requesting the 8% prejudgment and postjudgment interest rate for the initial investment claim.  As set forth in more detail in the procedural history, Mascio had multiple opportunities to raise any concerns he may have had regarding the interest rates, and did not object throughout this proceeding until the recent Reply.

[14]  *Gronewoller v. Mascio* (*In re Mascio*), No. 06-CV-01780-PSF, 2007 WL 3407516, at *5 (D. Colo. Nov. 13, 2007) (not reported in F. Supp. 2d).

Page 5 of  16

enter into the Agreement."[15]  **With respect to the promissory note, the District Court expressly affirmed the $29,381.28 damage award plus prejudgment interest in the amount of $8,217.68 and postjudgment interest accruing at $5.18 per day calculated from June 30, 2006.**[16]  The District Court denied Mascio's Motion for Rehearing on February 20, 2008.

C.   **The First Remand and the First Investment Damages Judgment**

Following the submission of briefs, this Court heard oral argument on the two limited remand issues.[17]  On February 25, 2009, this Court issued an Order finding Mascio's waiver defense under Colorado law had not been established, and thus, Mascio's debt to Gronewoller was nondischargeable under § 523(a)(2)(A).  The only remaining remand issue was to determine damages, if any, under Colorado law based on the benefit-of-the-bargain formula for Gronewoller's initial investment in MAM.[18]  Accordingly, the Court ordered the evidence to be reopened for the limited purpose of allowing the parties to present evidence regarding the value of the investment as represented versus the actual value of the investment in January 2001.[19]  Mascio's subsequent Motion for a Rule 54(b) Certification was denied April 14, 2009.

---

[15]  *Id.* *6-7.

[16]  *Id.* at *7, stating:

With regard to the promissory note, however, Gronewoller has proved his damages as a matter of law. . . . The Bankruptcy Court held that there was an unpaid balance of $29,381.28 due on the promissory note, which Mascio does not dispute.  First Order at 17.  The Bankruptcy Court also calculated prejudgment interest on the note in the amount of $8,217.68, and postjudgment interest at $5.18 per day calculated from the date of judgment, which was June 30, 2006.  *See* Order on Interest Calculation at 1–2.  Gronewoller is entitled to recover this amount, which constitutes a "debt arising from fraud."  *Cohen*, 523 U.S. at 218.  Accordingly, to the extent Gronewoller has not waived his fraud claim, the Bankruptcy Court's Order is affirmed with respect to the damages awarded based on the promissory note.

[17]  Minutes of Proceedings dated October 28, 2008 (Docket No. 277).

[18]  *See Gronewoller v. Mascio (In re Mascio)*, 2007 WL 3407516, at *6 (citing *W. Cities Broadcasting, Inc. V. Schueller*, 849 P.2d 44, 48 (Colo. 1993) ("Where the subject of a fraud is a conveyance of property, a plaintiff electing to affirm the contract is entitled to receive the benefit of the bargain, *i.e.* the difference between the value of the property as represented and the actual value of the property received.").

[19]  Order on Notice of Appeal (Docket No. 278).

The Court held a trial to determine the benefit-of-the-bargain damages for the initial investment fraudulent inducement claim. After the remand trial, the Court entered an Order dated February 11, 2010, containing findings of fact about the respective values of the investment.[20] Specifically, the Court determined the actual value of the company exceeded the agreed and represented values of the company, which the Court found to be equal.[21] Consequently, the Court reasoned, Gronewoller suffered no detriment from his investment, and entered a judgment dated February 11, 2010, stating "[t]he damages resulting from Mascio's fraud, under Colorado's 'benefit of the bargain' or 'expectation' rule, are zero."[22]

Gronewoller filed a Motion to Amend or Alter Judgment or for a New Trial.[23] On May 13, 2010, this Court entered an Order granting in part and denying in part Gronewoller's Motion to Amend.[24] Although the Court denied much of the relief sought, the Court determined it would have been appropriate to consider extrinsic evidence concerning the value of MAM. On reconsideration, the Court concluded the amount of damages under the Colorado benefit-of-the-bargain formula for Gronewoller's initial investment was $150,355. This Order also noted the judgment "against Mascio for the value of the promissory note in the amount of $29,381.28 plus prejudgment and postjudgment interest, with such judgment to be nondischargeable under § 523(a)(2)(A), was not disturbed on appeal."[25]

The Court inadvertently entered an incorrect judgment dated May 13, 2010,[26] but this judgment was later amended upon consideration of Gronewoller's Motion to Alter or Amend the Court's May 13, 2010 Order.[27] In addition, Gronewoller requested the Court to amend the May 13, 2010 Order and Judgment to award prejudgment and postjudgment interest for the investment damages. Mascio never filed a response or objected to Gronewoller's Motion to Alter or Amend the Court's May 13, 2010 Order.

---

[20] Order dated February 11, 2010 (Docket No. 296).

[21] *See id.*

[22] *See* Judgment dated February 11, 2010 (Docket No. 297).

[23] Docket No. 299.

[24] Order dated May 13, 2010 (Docket No. 304).

[25] *Id.* at n.2.

[26] *See* Judgment dated May 13, 2010 (Docket No. 305).

[27] *See* Motion to Alter or Amend the Court's May 13, 2010 Order (Docket No. 307).

Ultimately, the Court determined prejudgment and postjudgment interest under Colorado law was appropriate for the benefit-of-the-bargain damages, and entered a Judgment dated June 10, 2010 (the "First Investment Damages Judgment"), providing as follows:

> IT IS ORDERED that page 10 of the Court's Order of May 13, 2010 in the above-captioned adversary proceeding is amended to read:
>
>> IT IS ORDERED Gronewaller's Motion to Amend or Alter Judgment or for a New Trial is GRANTED in part and DENIED in part.
>>
>> IT IS FURTHER ORDERED damages are hereby awarded to Gronewaller in the amount of $150,355, plus pre-judgment interest and post-judgment interest at the rate of 8% per annum, compounded, pursuant to COLO. REV. STAT. § 5-12-102(1), from January 1, 2001, the date of the contract between the parties.
>>
>> IT IS FURTHER ORDERED Gronewaller's request for rescission is hereby DENIED.[28]

Thus, on remand, this Court awarded Gronewoller the principal amount of $150,355 for benefit-of-the-bargain damages in connection with his initial investment, plus prejudgment and psotjudgment interest at the Colorado statutory rate accruing from the date the parties entered into the Agreement.

### D.   Mascio's Second Appeal

Mascio appealed this Court's determinations on the remand issues, including the First Investment Damages Judgment. In the second appeal, Mascio did not challenge the benefit-of-the-bargain damage calculation, and significantly, did not challenge any award of prejudgment and postjudgment interest.

On March 30, 2011, the District Court entered an order affirming in part and reversing in part this Court's June 9, 2006 Order. Most importantly, the District Court *sua sponte* reversed the Court's benefit-of-the-bargain damage calculation of $150,355, and remanded the matter to this Court to recalculate benefit-of-the-bargain damages. In addition, the District Court acknowledged for the second time "[t]he Bankruptcy Court's entry of judgment on June 9,

---

[28] First Investment Damages Judgment (Docket No. 309).

2006 in favor of Gronewoller for the value of the promissory note has not been disturbed by appeal."[29]

### E.    The Second Remand and the Second Investment Damages Judgment

Consistent with the District Court's second remand, on September 29, 2011, this Court entered an Order expounding recalculated benefit-of-the-bargain damages in connection with Gronewoller's initial investment.[30] The Court awarded Gronewoller actual damages on the investment claim in the principal amount $183,641.71.  The Court did not discuss or alter the award for prejudgment and postjudgment interest for these damages, and again, the award of damages for the promissory note plus prejudgment and postjudgment interest was neither discussed nor disturbed.  On the same date, the Court also issued a Judgment dated September 29, 2011 (the "Second Investment Damages Judgment"), providing as follows:

> Pursuant to and in accordance with the Order entered by the Honorable Michael E. Romero, United States Bankruptcy Judge, on September 29, 2011,
>
> IT IS ORDERED AND ADJUDGED as follows:
>
> > ORDERED that judgment is entered in favor of the Plaintiff, Paul Gronewoller, and against the Defendant, David Mascio, in the amount of $183,641.71. The judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a).
> >
> > **This Judgment supersedes all previous judgments for damages entered in this adversary proceeding.**[31]

The emphasized language above is squarely at issue, and the Court identifies this "supersedes" language as the clerical error at issue.  This language was included to reflect the final number for the benefit-of-the-bargain damages in favor of Gronewoller on his initial investment.  The Court intended the $183,641.71 figure to supersede all previous calculations and figures for damages for the initial investment fraud claim only.  The Court never intended to eviscerate the Original Judgment in favor of Gronewoller for actual damages

---

[29] *Gronewoller v. Mascio (In re Mascio)*, 454 B.R. 146, at n.3 (D. Colo. 2011).

[30] Order dated September 29, 2011 (Docket No. 337).

[31] Second Investment Damages Judgment (Docket No. 339).

with respect to the promissory note plus prejudgment and postjudgment interest at the applicable federal rate of 5.03%. The Court also never intended to eliminate the award for prejudgment and postjudgment interest under Colorado law as set forth in its First Investment Damages Judgment dated June 10, 2010.

### F.     Mascio's Third Appeal

For the third time, Mascio filed an appeal with the District Court. On July 13, 2012, the District Court issued an order affirming this Court's September 29, 2011 Order.[32] Mascio appealed the matter to the United States Court of Appeals for the Tenth Circuit, and on November 5, 2013, the Tenth Circuit affirmed.[33]

## DISCUSSION

It is undisputed Mascio paid the aggregate amount of $183,641.17 to Gronewoller in connection with the outstanding judgments entered in this proceeding, including the following three payments: $10,000 on November 22, 2013; $20,500 on December 6, 2013; and $153,141.17 on January 7, 2014. However, two months after the January payment, Gronewoller filed a Writ of Execution seeking to collect the total remaining amount of $377,773.24.[34] In summary, Gronewoller calculated the outstanding balance owed by Mascio as follows:

| | |
|---|---|
| Promissory note damages: | $29,381.28 |
| Pre-judgment interest for note damages: | $26,630.68 |
| Post-judgment interest for note damages: | $826.93 |
| Investment damages: | $183,641.17 |
| Pre-judgment interest for investment damages: | $311,704.50 |

---

[32] *Gronewoller v. Mascio* (*In re Mascio*), No. 11-CV-02678-CMA, 2012 WL 2884812 (D. Colo. July 12, 2012) (not reported in F. Supp. 2d) *aff'd*, 543 F. App'x 837 (10th Cir. 2013).

[33] "We have thoroughly reviewed the record and the decisions of the bankruptcy court and district court in light of Mr. Mascio's claims on appeal, and we are not persuaded that those courts erred. Accordingly, we AFFIRM substantially for the reasons given by the district court." *Gronewoller v. Mascio (In re Mascio)*, 543 F. App'x 837, 839 (10th Cir. 2013).

[34] Writ of Execution filed March 12, 2014 (Docket No. 358).

| | |
|---|---|
| Post-judgment interest for investment damages: | $9,229.85 |
| **Total of All Amounts:** | **$561,414.41** |
| **Less Amounts Paid:** | **-$183,641.17** |
| **Total Remaining Amount Due:** | **$377,773.24**[35] |

In response to Gronewoller's Writ of Execution, Mascio filed his Motion to Compel, Motion for Stay and/or Expedited Ruling, and Motion for Protective Order. Mascio argues his total payment of $183,641.71 satisfies in full the Second Investment Damages Judgment, Mascio is not responsible for the remaining $377,773.24, and the Second Investment Damages Judgment superseded all previous judgments entered in this proceeding.[36]

Gronewoller asserts the Second Investment Damages Judgment only affected the calculation of actual damages for the initial investment fraud claim, leaving unaltered the award of damages for the value of the promissory note plus prejudgment and postjudgment interest under the Original Judgment, and the award of prejudgment and postjudgment interest in the First Investment Damages Judgment. The Court agrees with Gronewoller, as this position accurately reflects the Court's intent which is supported by the written opinions entered with these judgments.

After disposing of the waiver issue, both Judge Figa's remand in 2007 and Judge Arguello's 2011 remand were limited to the recalculation of the benefit-of-the-bargain fraud damages under Colorado law. This Court's previous award of damages for the value of the promissory note plus prejudgment and post-judgment interest were never challenged or disturbed on appeal, and the award of prejudgment and post-judgment interest accruing on the award for investment fraud damages was never challenged or disturbed following the First Investment Damages Judgment. The only number that changed after multiple appeals was the principal amount of damages in connection with Gronewoller's initial investment in MAM, ultimately determined to be $183,641.71 under the benefit-of-the-bargain formula.

---

[35] *See id.*

[36] Mascio also asserts Gronewoller is barred from seeking relief from the Second Investment Damages Judgment because a motion to amend would be untimely pursuant to FED. R. CIV. P. 59(e). As set forth herein, the Court need not reach this argument because relief under FED. R. CIV. P. 60(a) is proper. In addition, in his Reply, Mascio challenges the awards for prejudgment and postjudgment interest for the first time. However, Mascio has long waived such a challenge, and in any event, the Court will not substantively alter the awards for prejudgment and postjudgment interest.

It appears Mascio ignores the lengthy pedigree of this proceeding by overstating one sentence in the Second Investment Damages Judgment. However, to dispel any notion the Second Investment Damages Judgment replaced every other order and judgment entered in this case, the Court will issue a corrected judgment consistent with its previous detailed orders and judgments, as well as those entered by the District Court and the Tenth Circuit. The record clearly indicates the intent of this Court to enter a judgment in favor of Gronewoller and against Mascio for the following: 1) actual damages for the value of the promissory note plus prejudgment and postjudgment interest at the federal rate; and 2) benefit-of-the-bargain damages for the initial investment plus prejudgment and postjudgment interest under Colorado law. To the extent Mascio misreads the import of the Second Investment Damages Judgment, the Court finds cause to correct the one-sentence clerical error and consolidate the Original Judgment, the First Investment Judgment and the Second Investment Judgment into a single clear judgment supported by the record.

### A.  FED. R. CIV. P. 60(a)

Rule 60(a) addresses certain types of clerical error, including "oversights and omissions as well as unintended acts or failures to act that result in a record that does not properly reflect the intention of the parties or the court."[37] Specifically, Rule 60(a) provides as follows:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.[38]

This rule does not limit the time within which this Court may correct a judgment for such errors, and "action in this regard may be taken 'at any time.'"[39] A correction under Rule 60(a) is appropriate when a "flaw lies in the translation of

---

[37] 4 COLLIER ON BANKRUPTCY ¶ 9024.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2012) (citing *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434 (6th Cir. 2002); 12 Moore's Federal Practice, §§ 60.10, 60.11 (Matthew Bender 3d ed.)).

[38] FED. R. CIV. P. 60(a), made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9024.

[39] 4 COLLIER ON BANKRUPTCY ¶ 9024.02; *see also McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 681–82 (10th Cir. 1989).

the original meaning to the judgment."[40] The rule does not apply, however, to relief from substantive errors in judgment.[41] In other words, Rule 60(a) does not allow the Court to substantively alter a judgment, but rather to make the judgment accurately reflect the underlying order(s).

As the Tenth Circuit explained almost twenty-five years ago:

> Rule 60(a) may be relied on to correct what is erroneous because the thing spoken, written, or recorded is not what the person *intended* to speak, write, or record. *Allied Materials Corp. v. Superior Prods. Co.*, 620 F.2d 224, 226 (10th Cir. 1980). Rule 60(a) may not be used to change something that was deliberately done, *Security Mut. Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980), even though it was later discovered to be wrong. *Allied Materials*, 620 F.2d at 226. A correction under Rule 60(a) should require no additional proof. *See, e.g., Trujillo v. Longhorn Mfg. Co.*, 694 F.2d 221, 226 (10th Cir. 1982).
>
> . . .
>
> A Rule 60(a) motion may not be used to alter the rate of prejudgment interest because that would call into question the substantive correctness of the judgment rather than remedy a clerical error or omission. *See Dalton v. First Interstate Bank*, 863 F.2d 702, 704 (10th Cir. 1988); *accord, Elias v. Ford Motor Co.*, 734 F.2d 463, 466 (1st Cir. 1984).[42]

---

[40] *United States v. Griffin*, 782 F.2d 1393, 1396 (7th Cir. 1986).

[41] *Id.* at 1397.

[42] *McNickle v. Bankers Life & Cas. Co.*, *supra*, 888 F.2d at 682 (emphasis in original). In addition, the District Court recently reiterated:

> While Rule 60(a) provides that a court can clarify any "mistake arising from oversight or omission" at any time, the Tenth Circuit has held that a "Rule 60(a) motion may not be used to alter the rate of prejudgment interest because that would call into question the substantive correctness of the judgment rather than remedy a clerical error or omission." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989); *see Registry Systems Int'l, Ltd. v. Hamm*, 2012 WL 4476630, at *3 (D. Colo. Sep. 28, 2012) (holding that when a final judgment does not mention prejudgment interest, Rule 60(a) is improper).

*Watson v. Dillon Companies, Inc.*, No. 08-CV-00091-WYD-CBS, 2013 WL 6023692, at *6 (D. Colo. Nov. 13, 2013).

However, "Rule 60(a) may be invoked to make a judgment or order reflect the actual intentions of the court, plus necessary implications. The court thus has much wider latitude under Rule 60(a) motions to insure that its orders do not contain such errors and oversights in this respect than it does under Rule 60(b)."[43]

### B.    Clerical Error in the Second Investment Damages Judgment

As noted above, the clerical error concerns this Court's most recent judgment entered September 29, 2011, which states "[t]his Judgment supersedes all previous judgments for damages entered in this adversary proceeding." In hindsight, this sentence could have more accurately stated "This Judgment supersedes all previous judgments for benefit-of-the-bargain damages on Gronewoller's initial investment claim entered in this adversary proceeding." But then again, this Court did not anticipate Mascio would take this single sentence out of context.

In light of the history in this proceeding, it would be unjust and inaccurate to view the Second Investment Damages Judgment in isolation as superseding and eviscerating all other judgments in favor of Gronewoller, which awarded actual damages in connection with the investment fraud claim plus prejudgment and postjudgment interest, and actual damages in connection with the promissory note plus prejudgment and postjudgment interest. This Court intended the $183,641.71 figure in the Second Investment Damages Judgment to supersede only the previous figures for damages relating to Gronewoller's prevailing fraud claim. While the Second Investment Damages Judgment accurately reflects the final damages figure in the amount of $183,641.71 for Gronewoller's original investment, it was not the Court's intention for the judgment to supersede the previous awards for damages for the value of the promissory note plus prejudgment and postjudgment interest, or the award for prejudgment and postjudgment interest on the award for initial investment damages.

As to the damages award concerning the promissory note, the Court was clear in its original June 9, 2006 Order and Original Judgment that Gronewoller was entitled to $29,381.28, plus prejudgement interest of $8,217.68 and postjudgment interest at $5.18 per day. This award was affirmed by Judge Figa on appeal, and was further recognized in the second appeal by Judge Arguello.

---

[43] *In re Reed*, No. 03-40669-7, 2007 WL 2023577, at *4 (Bankr. D. Kan. July 9, 2007).

Further, the District Court noted two times[44] and this Court noted again after the first appeal[45] that the award for promissory note damages plus interest under federal law was not disturbed on appeal. Accordingly, the damages and interest relating to the promissory note are still due and owing as set forth in the Original Judgment.

With respect to the ultimate award for damages on the initial investment fraud claim, the final figure is well documented and has been affirmed on appeal by the District Court and the Tenth Circuit.  Further, the related award for prejudgment and postjudgment interest accruing on the investment damages under the applicable statutory rate under Colorado law is supported by the Court's Order granting in part and denying in part Gronewoller's Motion to Amend,[46] Gronewoller's Motion to Alter or Amend the Court's May 13, 2010 Judgement (unchallenged by Mascio),[47] and the Court's Order Granting Gronewoller's Motion to Alter or Amend the Court's May 13, 2010 Judgment and Correcting Order of May 13, 2010.  Lastly, Mascio has been on notice of the damages and interest for at least ten years, and correcting the clerical error in the Second Investment Damages Judgment requires no additional proof.

Upon reviewing the entire record in this proceeding, the Court finds cause to enter a corrected judgment pursuant to FED. R. CIV. P. 60(a) as incorporated by FED. R. BANKR. P. 9024 to address the single rogue sentence contained in the Second Investment Damages Judgment.[48]  In doing so, the Court will consolidate the several judgments entered in this proceeding into one judgment to accurately reflect this Court's intent and eschew any further confusion by the parties.  The corrected judgment does not require any additional proof, and does not disturb the substance of any findings by this Court, or the appellate courts.  As a result, the Court concludes Mascio has not satisfied the judgments against him in this proceeding, and the Court will deny the relief requested.

---

[44] *Gronewoller v. Mascio*, 2007 WL 3407516, at *7; *Gronewoller v. Mascio*, 454 B.R. 146, at n.3.

[45] Order dated May 13, 2010 at n.2 (Docket No. 304).

[46] *See id.*

[47] *See* Docket No. 307.

[48] Rule 60(a) permitted the bankruptcy court to change a judgment more than one and one-half years old that had been affirmed by the district court and the Court of Appeals to declare an entire state court judgment debt nondischargeable, including prepetition and post-petition interest, in accordance with the bankruptcy court's original intent, although two elements of prepetition interest had not been specifically mentioned by the judgment. *Klingman v. Levinson*, 877 F.2d 1357 (7th Cir. 1989).

## CONCLUSION

Pursuant to Rule 60(a), and consistent with the record, this Court may at any time correct its previous clerical errors to accurately reflect the Court's intent. Here, a corrected judgment reflecting the undisturbed award for promissory note damages plus prejudgment and postjudgment interest at the applicable federal rate, and the award for the initial investment damages plus prejudgment and postjudgment interest at the applicable Colorado rate is necessary. Issuing one clear judgment resolves the issues recently raised by the parties, while not substantively altering the rulings in this proceeding. Accordingly, based upon the above findings and conclusions,

IT IS HEREBY ORDERED Defendant David Mascio's *Motion to Compel Satisfaction of Judgment* (Docket No. 359) is DENIED. A separate corrected judgment pursuant to FED. R. CIV. P. 60(a) shall enter in favor of Gronewoller and against Mascio as follows:

A. Actual damages for Gronewoller's original investment in the principal amount of $183,641.71, plus prejudgment interest and postjudgment interest accruing at the rate of 8% per annum, compounded, pursuant to COLO. REV. STAT. § 5-12-102(1), calculated from January 1, 2001, the date of the contract between the parties; and

B. Actual damages for the value of the Promissory Note in the principal amount of $29,381.28, plus prejudgment interest in the amount of $8,217.68, and postjudgment interest accruing at $5.18 per day calculated from June 30, 2006.

The entire judgment shall be non-dischargeable pursuant to § 523(a)(2)(A), and the parties shall bear their own attorneys' fees and costs.

IT IS FURTHER ORDERED Defendant David Mascio's *Motion for Stay and/or Expedited Ruling* (Docket No. 374) and *Motion for Protective Order* (Docket No. 375) are DENIED as moot. Mascio shall respond to Gronewoller's FED. R. CIV. P. 69 Interrogatories within fourteen (14) days from the date of this Order, failing which the Court may impose sanctions.

Dated June 12, 2014.                    BY THE COURT:

                                        Michael E. Romero
                                        U.S. Bankruptcy Judge